UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEBORAH PITTMAN; JAMES PETTUS,

                Plaintiffs,

-against-

JUDGE MIRIAM BREIR; JUDGE LACH; JUDGE HAGLER; JUDGE BRIGANTI; JUDGE McSHAN; BOARD OF DIRECTORS, 800 GRAND CONCOURSE, OWNERS; ATTY MATTHEW SCHWARZ LAW FIRM OF GEIST SCHWARZ; JELLINEK,

                Defendants.

24-CV-6694 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Deborah Pittman and James Pettus, who are proceeding *pro se*, jointly filed a complaint and a request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court: (1) grants Pittman leave to proceed IFP; (2) denies Pettus leave to file to proceed IFP; and (3) dismisses this action.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

On November 20, 2023, Deborah Pittman filed a 236-page complaint, purportedly on behalf of James Pettus, arising out of Pettus's state-court eviction proceedings. *Pittman v. Breier*, ECF 1:23-CV-10208, 1 (LTS) ("*Pittman I*"). The complaint in *Pittman I* named as defendants: (1) judges of the New York City Civil Court, Housing Part, Bronx County ("Housing Court") and the New York State Supreme Court, Appellate Term, First Department ("Appellate Term") (Breier, Lach, Briganti, Hagler, McShan); (2) members of the Board of Directors for property located at 800 Grand Concourse, Bronx, New York; (3) an attorney, Matthew Schwarz; and (4) a law firm, Geist Schwarz, Jellinek. ECF 1.

By order dated January 3, 2024, the Court: (1) noted that Pettus had previously filed complaints against the same Defendants and, due to his history of vexatious litigation, is barred, under 28 U.S.C. § 1651, from filing any new civil action IFP in this court without first obtaining from the court leave to file, *see Pettus v. Clarke*, No. 05-CV-1439 (MBM) (S.D.N.Y. Feb. 4, 2005), *appeal dismissed*, No. 05-1314 (2d Cir. Nov. 11, 2005);[1] and (2) dismissed *Pittman I* because, as a nonattorney, Pittman could not file a civil action on Pettus's behalf. ECF 4.

---

[1] That order also put Pettus and Pittman on notice that Pettus "may not circumvent the filing injunction . . . by having other individuals file *pro se* complaints on his behalf." *Pettus*, No. 05-CV-1439 (MBM) (S.D.N.Y Feb. 4, 2005).

2

Pittman and Pettus have now filed this new 233-page complaint commencing this action, which is substantially similar to the one filed in *Pittman I*. It names the same defendants, and arises out of the same events – Pettus's eviction proceedings and allegedly related matters. The Court cannot discern any claims relating solely to Pittman. Although both Pittman and Pettus signed the complaint and one IFP application, Pittman again purports to have filed it "on behalf of" Pettus. (ECF 1 at 9.) Pittman further states that this is her "first lawsuit . . . 'ever.'" (*Id.* at 10.)

## DISCUSSION

### A. Plaintiff Pettus

As mentioned above, Pettus is barred, under 28 U.S.C. § 1651, from filing any new civil action IFP in this court without first obtaining from the court leave to file. *See Pettus*, No. 05-CV-1439 (MBM) (S.D.N.Y. Feb. 4, 2005). Pettus did not seek leave of court prior to filing this new action. Even if he had, the Court would not have granted him leave to file, because the complaint simply rehashes previously asserted claims and is not a departure from his history of frivolous litigation. Pettus has failed to show that he should be permitted to file in this court this new civil action IFP, and the Court therefore denies him leave to file this new action IFP and dismisses his claims without prejudice. The abovementioned filing injunction against Pettus remains in effect.

### B. Plaintiff Pittman

#### 1. Pittman cannot represent Pettus

The statutory provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted).

3

Because *pro se* "means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *Cheung v. Youth Orch. Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990).

There are no facts in the complaint suggesting that Pittman seeks to assert her own claims and, because she does not allege that she is an attorney, she cannot assert any claims in this action on behalf of Pettus. The Court therefore dismisses any claims that Pittman asserts on behalf of Pettus without prejudice.

**C.     Denial of Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in the complaint cannot be cured with an amendment, the Court declines to grant Pittman leave to amend the complaint.

**D.     Warning**

Although Pittman asserts that this is the "first lawsuit" she ever filed, the complaint commencing this action is substantially similar to the one that she filed in *Pittman I*. The Court finds that Pittman was or should have been aware, when she filed this complaint for this action, that this action was duplicative and lacked merit. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). The Court thus warns Pittman that further duplicative or frivolous litigation filed in this court by her may result in an order barring her from filing new civil actions in this court IFP unless she first obtains permission from the court to file. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court: (1) grants Pittman leave to proceed in this action IFP; (2) denies Pettus leave to proceed in this action IFP; and (3) dismisses all of the claims raised in this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court warns Pittman further duplicative or frivolous litigation filed by her in this court may result in an order barring her from filing new civil actions in this court IFP unless she first obtains permission from the court to file. The February 4, 2005 order issued in *Pettus*, No. 05-CV-1439 (MBM), barring Pettus from filing any new civil action in this court IFP without first seeking permission of the court, remains in effect.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action.

SO ORDERED.

Dated:   October 28, 2024
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge